# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

JOSEPH A. ESPARZA,           )
           )
        Plaintiff,       )
           )
       v.            )      No. 1:18-cv-01271-TWP-MPB
           )
IPPLE,            )
MULLINS,         )
           )
        Defendants.     )

## Entry Granting Motion to File an Amended Complaint, Screening the Amended Complaint and Directing Service of Process

### I. Motion to File an Amended Complaint

The plaintiff's motion to file a second amended complaint, dkt. [19], is **granted**. The clerk is directed to docket the second amended complaint found at docket 19-1 as the second amended complaint. The second amended complaint completely replaces and supersedes the amended complaint that was filed on August 13, 2018. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

### II. Screening Standard

Plaintiff Joseph A. Esparza is an Indiana state prisoner confined at the New Castle Correctional Facility. He alleges that his medical providers have been deliberately indifferent to his serious medical needs. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court

applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

*Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. The Complaint

The complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state

law. *West v. Atkins,* 487 U.S. 42, 48 (1988). The allegations set forth in the complaint set forth a claim under the Eighth Amendment prohibiting the deliberate indifference to a serious medical condition. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a deliberate-indifference claim, a prisoner must demonstrate both that his medical condition is "objectively" serious and that the officials acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834–35, (1994). "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

### A. Statute of Limitations

The complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

This action was signed on April 19, 2018, and filed on April 26, 2018. Accordingly, claims which accrued before April 19, 2016, are barred by Indiana's 2-year statute of limitations. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted);

*see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

This means that claims based on a failure by medical staff to perform x-rays in March 2016 are dismissed as barred by the statute of limitations.

### B. Deliberate Indifference

Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a deliberate-indifference claim, a prisoner must demonstrate both that his medical condition is "objectively" serious and that the officials acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834–35, (1994). "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

Here, the difficulty with the complaint is that it combines all of the plaintiff's disagreements with his medical care and does not specifically identify how the defendants care was allegedly deliberately indifferent. This is insufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The only paragraphs in the complaint that can be understood to state a claim for deliberate indifference to a serious medical need is paragraphs 10 and 12. In paragraph 10, the plaintiff alleges that defendants Drs. Ippel and Platz refused to provide the plaintiff medical care in the form of surgery because he is scheduled to be released soon. This Eighth Amendment claim for deliberate indifference to a serious medical need claim **may proceed**.

In paragraph 12, the plaintiff alleges that defendants Dr. Ipple and Nurse Mullins failed to prescribe him blood pressure medication in August 2016, and as a result, he suffered a stroke. This Eighth Amendment claim for deliberate indifference to a serious medical need claim **may proceed**.

All other claims are dismissed for failure to state a claim.

The clerk is instructed to update the docket to show that Dr. Platz is a defendant in this action.

## IV. Service of Process

Defendants Dr. Ipple and Nurse Mullins have already appeared in this action. They shall have through October 13, 2018, to file an answer.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Dr. Platz in the manner specified by Rule 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

IT IS SO ORDERED.

Date: 9/25/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPH A. ESPARZA
233913
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362


Dr. Platz
New Castle Correctional Facility- Medical Staff
1000 Van Nuys Road
New Castle, IN 47362

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com