UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH A. ESPARZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-01271-JRS-MPB |
| | ) |
| PLATZ Dr., | ) |
| IPPLE Dr., | ) |
| MULLINS Nurse, | ) |
| PERKINS NP., | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendant Alexander Platz's Motion for Summary Judgment**

Plaintiff Joseph Esparza, a former inmate at the New Castle Correctional Facility ("NCCF"), brings this lawsuit alleging that he did not receive appropriate medical treatment while at NCCF. Defendant Dr. Alexander Plesynski-Platz ("Dr. Platz") seeks summary judgment on Mr. Esparza's claims. Mr. Esparza did not respond to the motion, and the time to do so has long passed.[1] For the following reasons, the motion for summary judgment, dkt. [54], is **granted**.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury

---

[1] Mr. Esparza requested, and received, an extension of time to respond to defendants Dr. Ipple and Nurse Mullins' motion for summary judgment. Dkt. 78.

could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.*, 906 F.3d 621, 628 (7th Cir. 2018).

Mr. Esparza failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285–86 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Statement of Facts

The following facts, unopposed by Mr. Esparza and supported by admissible evidence, are accepted as true.

At all relevant times, Mr. Esparza was an inmate at NCCF. Dkt. 22 at ¶ 3. During his incarceration, he suffered from a variety of medical issues, including back and shoulder pain, liver damage, and an irregular white blood cell count. *Id.* at ¶¶ 10–13.

Dr. Platz is a licensed physician who worked at NCCF as a temporary independent contractor through Alumni Healthcare from November 6, 2017 through March 26, 2018. Dkt. 55-1 at ¶ 3. Dr. Platz was not Mr. Esparza's regular physician, but a temporary physician who saw Mr. Esparza two times, on January 17, 2018 and February 1, 2018. *Id.* at ¶ 4.

On January 17, 2018, Dr. Platz ordered blood testing in response to Mr. Esparza's symptoms and complaints. Dkt. 55-1 at ¶ 5. Dr. Platz also documented Mr. Esparza's complaints of low back pain, then ordered the administration of Ketorolac, an injectable pain relief and anti-inflammatory drug. *Id.*; dkt. 55-3.

On February 1, 2018, Dr. Platz saw Mr. Esparza again. Mr. Esparza's low back pain had not resolved, and he also had shoulder pain. In response, Dr. Platz ordered another round of Ketorolac injections and an MRI to find out the cause of the pain. In addition, the previously ordered blood testing revealed a white blood cell disorder, for which Dr. Platz recommended an adrenal CT scan, a new blood test (including blood sugar counts), and a complete metabolic panel. Dkt. 55-1 at ¶ 6; dkt. 55-4.

Dr. Platz never treated or saw Mr. Esparza after February 1, 2018. Because Dr. Platz was not Mr. Esparza's regular physician, his recommendations, including a suggestion that Mr. Esparza be referred to an outside physician for a more extensive examination, were subject to review and approval. Specifically, at NCCF, Dr. Platz could recommend a referral, but the referral must then be presented to the Medical Director of Wexford for approval. Dr. Platz had no role in the approval process. *Id.* at ¶ 7.

Dr. Platz completed his assignment at NCCF on March 26, 2018. Dr. Platz has no knowledge of what occurred with Mr. Esparza's care after his last clinical visit, including whether or not any recommended treatment was approved. *Id.* at ¶ 8.

Dr. Platz's treatment of Mr. Esparza was based on his observation and physical examination of Mr. Esparza and interpretation of test results, and he attests the treatment was within the appropriate standard of care for general practitioners in Indiana. *Id.* at ¶ 9.

Mr. Esparza had submitted various grievances about his medical care at NCCF, and two of those grievances mentioned Dr. Platz's treatment. In one, he noted that Dr. Platz had referred him to an outside doctor, dkt. 35-2 at 87, and in the other, he stated that Dr. Platz's referral to a hematologist had been rejected because of Mr. Esparza's limited time remaining at NCCF, *id.* at 93. Neither of the grievances actually complained about Dr. Platz's treatment of Mr. Esparza. *Id.*

### III. Discussion

Mr. Esparza asserts Eighth Amendment medical care claims against Dr. Platz. At all times relevant to Mr. Esparza's claim, Mr. Esparza was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir.

2014). Deliberate indifference in this context is "something akin to recklessness." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

For a medical practitioner, deliberate indifference can be shown by a "treatment decision that is 'so far afield of accepted professional standards' that a jury could find it was not the product of medical judgment." *Cesal v. Moats*, 851 F.3d 714, 724 (7th Cir. 2017) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). The Seventh Circuit has explained that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Dr. Platz does not argue that Mr. Esparaza lacked serious medical needs. Accordingly, the Court will consider only whether Dr. Platz was deliberately indifferent to Mr. Esparza's medical conditions.

The undisputed evidence shows that Dr. Platz responded appropriately to Mr. Esparza's complaints during his limited treatment of him. Dr. Platz provided pain medication to treat Mr. Esparza's back pain, ordered blood testing, and recommended referrals for Mr. Esparza to see an outside specialist due to the blood test results and Mr. Esparza's persistent back pain. Mr. Esparza, through his grievances, endorsed Dr. Platz's treatment plan that he be seen by an outside specialist. But because Dr. Platz was working temporarily at NCCF, he had no authority to approve a referral. Regardless, Dr. Platz's actions were not a "departure from accepted professional standards or practices." *Pyles*, 771 F.3d at 409.

A reasonable factfinder could not conclude that Dr. Platz was deliberately indifferent to Mr. Esparza's medical conditions. He is therefore entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, defendant Dr. Platz's motion for summary judgment, dkt. [54], is **granted,** and the claims against him dismissed with prejudice. The **clerk shall terminate** Dr. Platz as a defendant on the docket. No partial final judgment shall issue as to the claims resolved in this Order.

   **IT IS SO ORDERED.**

Date:   6/8/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPH A. ESPARZA
5114 Southern Avenue
Anderson, IN 46013

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeremy Michael Dilts
CARSON LLP
dilts@carsonllp.com